IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY RAY RUSS, # 106835, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:18-CV-733-WKW-SMD |
| | ) |
| SHERIFF DONALD VALENZA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

## **I. INTRODUCTION**

This case is before the undersigned on Billy Ray Russ' petition for writ of habeas corpus under 28 U.S.C. § 2254 in which Russ claims he is being wrongfully held in prison beyond the expiration of his sentence as a result of the miscalculation of his end-of-sentence date for his 2003 Houston County bail-jumping conviction (Case No. CC2003-262). (Doc. 1). Respondents maintain that Russ has not exhausted his available state court remedies and that his § 2254 petition should therefore be dismissed without prejudice to allow him to exhaust in the state courts. *See* (Docs. 22, 24, 34, 41). The Court entered an Order allowing Russ to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies, and Russ filed a response. (Docs. 42, 43).

## II.  DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."  28 U.S.C. § 2254(1)(b)(1)(A).  Because Russ is "in custody pursuant to the judgment of a State court," he is subject to § 2254's exhaustion requirement.  *See Dill v. Holt*, 371 F.3d 1301, 1302-03 (11th Cir. 2004).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Under Alabama law, a state petition for writ of habeas corpus filed in the state circuit court in the jurisdiction where the inmate is incarcerated is the proper method to initiate a challenge to the State's calculation of the time an inmate must serve in prison.  *See Gunn v. State*, 12 So.3d 711, 712 (Ala. Crim. App. 2007); *Day v. State*, 879 So.2d 1206, 1207 (Ala. Crim. App. 2003).  Further, to invoke "one complete round" of Alabama's established appellate review process, a petitioner receiving an unfavorable decision by the state circuit court must then properly seek review in the Alabama Court of Criminal Appeals and, if an

unfavorable decision is obtained in the Alabama Court of Criminal Appeals, properly seek certiorari review by the Alabama Supreme Court. *Williams v. Billups*, 2016 WL 3007140 at *2 (M.D. Ala. 2016); *see Dill* 371 F.3d at 1303; *Pruitt,* 348 F.3d at 1359.

Respondents' Answer, as supplemented, and the evidentiary materials submitted therewith, indicate that Russ has not exhausted his claim in the Alabama courts. *See* (Doc. 41). Specifically, Russ has not properly filed a state petition for writ of habeas corpus alleging that he is being held in prison beyond the expiration of his sentence in Case No. CC2003-262 as a result of Alabama officials having miscalculated his end-of-sentence date. Russ avers that he filed a state petition for writ of habeas corpus raising his sentence-miscalculation claim in the Houston County Circuit Court in August 2018 but that the petition was not accepted for filing because he did not pay the filing fee or submit an affidavit of substantial hardship in support of an application to proceed *in forma pauperis*. (Doc. 43) at 4-5.

Russ acknowledges that he did not submit the affidavit of substantial hardship within the 14 days allowed by the circuit court, but says he failed to do so because he was placed in a drug rehabilitation program while the 14-day period expired. (Doc. 43) at 5. Russ has not shown that the circuit court's refusal to accept his August 2018 petition based on his failure to submit an affidavit of substantial hardship will bar or otherwise prevent him from filing a proper state petition for writ of habeas corpus, with the filing fee or an affidavit of substantial hardship in support of an application to proceed *in forma pauperis*, whereupon he may receive a merits determination of his sentence-miscalculation claim.

Should Russ properly file a state petition for writ of habeas corpus seeking redress for his sentence-miscalculation claim[1] and then receive an adverse decision, he would need to follow the appropriate Alabama appellate procedures in appealing the adverse decision to properly exhaust his claim. *See Williams*, 2016 WL 3007140 at *2; *Dill* 371 F.3d at 1303.

The undersigned does not consider it appropriate to rule on the merits of Russ's sentence-miscalculation claim without first requiring that he exhaust his available state court remedies. Therefore, the undersigned concludes that Russ' § 2254 petition should be dismissed without prejudice, so Russ may exhaust those remedies.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice to afford Russ an opportunity to exhaust his available state court remedies on his sentence-miscalculation claim. It is further

ORDERED that **on or before June 19, 2019**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the

---

[1] Russ is currently incarcerated in Kilby Correctional Facility, located in Montgomery County, Alabama.

right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 5th day of June, 2019.

/s/  Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE